Eugene G. Iredale: SBN 75292
email: egiredale@iredalelaw.com
Julia Yoo: SBN 231163
email: jyoo@iredalelaw.com
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
(619) 233-1525
(619) 233-3221 Fax

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS by its successor in interest EVE SAMANTHA ARRIAGA; EVE SAMANTHA ARRIAGA, in her own right; and A.V. a minor, by his mother and guardian, EVE SAMANTHA ARRIAGA<br><br>Plaintiffs,<br><br>v.<br><br>RYAN GONSALVES, THE UNITED STATES OF AMERICA, and DOES 1 – 10, inclusive,<br><br>Defendants. | CASE NO. **'22CV315 L    AHG**<br><br>1) Excessive Force (*Bivens*)<br>2) Assault (Federal Tort Claims Act)<br>3) Battery (Federal Tort Claims Act)<br>4) Negligence (Federal Tort Claims Act)<br>5) Bane Act, Cal. Civ. Code §52.1 (Federal Tort Claims Act)<br>6) Wrongful Death<br><br>**JURY TRIAL IS HEREBY DEMANDED PURSUANT TO FRCP RULE 38 ON THE *BIVENS* CAUSES OF ACTION** |

COME NOW Plaintiffs EVE SAMANTHA ARRIAGA, as an individual in her own right and as the successor in interest to THE ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS, A.V. a minor through his guardian Eve Arriaga, through their attorneys of record, Iredale and Yoo, APC, and allege and complain as follows:

## INTRODUCTION

On October 23, 2020, at approximately 5:45 p.m. near the Las Americas Premium Outlets in San Ysidro, California, a Border Patrol Agent Ryan Gonsalves shot and killed David Angel Villalobos Valdovinos. This use of deadly force was excessive. Mr. Villalobos was unarmed and did not represent a threat of death or serious bodily injury to anyone. Multiple agents appeared on scene at or shortly after the shooting, and failed to provide proper first aid. Mr. Villalobos died within an hour.

## I.
## GENERAL ALLEGATIONS

1. This cause of action is brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act, and California state law to redress the violation of the Plaintiffs' rights under the Constitution of the United States and California law.

2. Jurisdiction is based upon 28 U.S.C. §1331 and 28 U.S.C. § 1346(b).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because the acts or omissions which form the basis of Plaintiffs' claims occurred in San Diego County, California.

4. Eve Arriaga timely filed FTCA Claims on February 24, 2020 on behalf of herself, her minor child and the Estate and complied with the claims procedure as required under 28 U.S.C. § 2675.

5. Plaintiffs received a rejection of their claims which was dated August 23, 2021.

6. Plaintiffs have exhausted all administrative remedies and the current action is being timely filed within the statute of limitations.

## II.
## PARTIES

7. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same by reference as if fully set forth herein.

8. At all times relevant to this complaint, Plaintiffs Eve Arriaga and A.V. resided in the state of California.

9. At all times relevant to this complaint, the Department of Homeland Security was an agency of defendant UNITED STATES OF AMERICA, and was operating the U.S. BORDER PATROL agency in San Diego County, California. It employed Ryan Gonsalves and DOE DEFENDANTS who were acting within the scope of their employment.

10. At all times relevant to this complaint, Ryan Gonsalves and Does 1-10 were federal United States Border Patrol agents, officers, officials, and/or other agents of BORDER PATROL employed by the UNITED STATES OF AMERICA under the Department of Homeland Security.

11. At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

12. Plaintiffs are truly ignorant of the true names and capacities of DOES, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities as well as the facts giving rise to their liability have been ascertained.

13. At the time of his death, Eve Arriaga was married to decedent David Angel Villalobos Valdovinos. A.V., age 13, is the minor son of Eve Arriaga and

1  David Villalobos.  Ms. Arriaga maintains the suit on his behalf as his mother and guardian.

14. David Villalobos died intestate.

15. As the surviving spouse, Eve Arriaga is the heir and beneficiary to the Estate of David Angel Villalobos Valdovinos.  For these reasons, Eve Arriaga is the successor in interest to decedent, and prosecutes this case on behalf of the estate.  No proceeding for the administration of the Estate is pending.

16. As the successor in interest, Eve Arriaga  succeeds to the decedent's interests, claims and causes of action.

17. No other person has a superior right to commence this action.

## III.
## FACTS

18. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same by reference as if fully set forth herein.

19. On October 23, 2020, at approximately 5:32 p.m., Agent Ryan Gonsalves saw David Angel Villalobos Valdovinos near the Las Americas Premium Outlets in San Ysidro, California.  David Villalobos was unarmed. Gonsalves sprinted toward David Villalobos and drew his firearm, pointing it directly at David.  Frightened by Gonsalves' threat of deadly force, David Villalobos tried to leave the area.  Gonsalves attacked David.  Gonsalves then shot David in the chest, killing him.  Gonsalves used deadly force even though he had available less lethal alternatives, such as a Taser.  Gonsalves shot David Angel Villalobos in a vital area, even though there was no threat that Gonsalves would be killed or suffer serious bodily injury.  Moreover, Gonsalves' initial use of force in pointing a deadly weapon at an unarmed person caused a foreseeable reaction of fear and confusion in David Angel, who suffered mental and developmental handicaps.

20. Gonsalves' use of immediate and disproportionate force (aiming a deadly weapon directly at an unarmed person who presented no threat) caused David Angel to panic. Then, instead of de-escalation, Gonsalves followed and attacked David Angel. As David, fearful of losing his life reacted, Gonsalves fired a fatal bullet into David's chest. David Angel died within an hour.

## FIRSTCAUSE OF ACTION
## EXCESSIVE FORCE (*Bivens*)
## (By the Estate against Defendant Ryan Gonsalves)

21. Plaintiffs reallege all prior paragraphs of this complaint and incorporate them by reference as if fully set forth herein.

22. Plaintiff had a clearly established right under the Fourth Amendment to be free from official infliction of excessive force.

23. DEFENDANT Ryan Gonsalves acted under color of law in violating the Fourth Amendment's proscription on the use of excessive force.

24. At all times herein, Defendant Gonsalves was acting within the scope of his employment as a law enforcement officer with the U.S. Border Patrol, an agency of defendant UNITED STATES OF AMERICA.

25. Defendant Gonsalves, acting under color of federal law, knew that the use of deadly force in these circumstances was illegal under clearly established law.

26. The conduct alleged herein caused Mr. Villalobos to be deprived of his civil rights that are protected under the United States Constitution, and federal and state laws. The actions of Defendant Gonsalves have legally, proximately, foreseeably, and actually caused Mr. Villalobos to suffer physical injury, emotional distress, pain and suffering, and death and further damages according to proof at the time of trial.

27. The conduct alleged herein was done with oppression, fraud, malice, and/or deliberate or reckless disregard of Mr. Villalobos' constitutionally protected rights, justifying an award of exemplary damages against Defendant Gonsalves in an amount according to proof at the time of trial in order to defer Defendant Gonsalves from engaging in similar conduct and to make an example by way of monetary punishment.

## SECOND CAUSE OF ACTION
### ASSAULT (FTCA)
**(By the Estate against DEFENDANT UNITED STATES OF AMERICA)**

28. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

29. Defendant Gonsalves acted with an intent to cause apprehension of immediate harmful or offensive contact.

30. Mr. Villalobos reasonably believed that he was going to be touched in a harmful or offensive manner.

31. It reasonably appeared to Mr. Villalobos that Defendant Gonsalves going to carry out this threat, and Mr. Villalobos did not consent to this conduct.

32. As a direct consequence of the actions of Defendant Gonsalves, Mr. Villalobos was deprived of his civil rights that are protected under the California Constitution and state laws. The actions of Defendant Gonsalves have legally, proximately, foreseeably, and actually caused Mr. Villalobos to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

33. DEFENDANT the UNITED STATES OF AMERICA is responsible for the conduct of Gonsalves under the Federal Tort Claims Act.

## THIRD CAUSE OF ACTION
### BATTERY (FTCA)
**(By the Estate against DEFENDANT UNITED STATES OF AMERICA)**

34. Plaintiffs reallege all prior paragraphs of this complaint and incorporate by reference foregoing paragraphs as if fully set forth herein.

35. Gonsalves acted with an intent to cause harmful and/or offensive bodily contact when he shoved and shot Mr. Villalobos.

36. The harmful and/or offensive bodily contact did in fact occur.

37. The harmful or offensive contact was not privileged, and it was not consented to by Mr. Villalobos.

38. The harmful or offensive contact employed by Defendant Gonsalves was not reasonable, and caused physical discomfort and injury to Mr. Villalobos.

39. As a direct consequence of Defendant Gonsalves' actions, Mr. Villalobos was deprived of his civil rights that are protected under the California Constitution and state laws. The actions of Defendant Gonsalves have legally, proximately, foreseeably, and actually caused Mr. Villalobos to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

40. DEFENDANT the UNITED STATES OF AMERICA is responsible for the conduct of Gonsalves under the Federal Tort Claims Act.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE (FTCA)**
**(By the Estate against DEFENDANT UNITED STATES OF AMERICA)**

41. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

42. Defendant Gonsalves had a duty to Mr. Villalobos to act with ordinary care and prudence so as not to cause harm or injury to him.

43. Defendant Gonsalves' actions fell below the standard of care and breached his duties to Mr. Villalobos.

44. As a direct and proximate result of Defendant Gonsalves' negligent conduct as described herein, Mr. Villalobos suffered injuries in an amount to be determined by proof at the time of trial.

45. Does 1-10 failed to properly initiate lifesaving measures when they had the opportunity to do so.

46. DEFENDANT the UNITED STATES OF AMERICA is liable for the conduct of Gonsalves and Does 1 - 10 under the Federal Tort Claims Act.

## FIFTH CAUSE OF ACTION
### BANE ACT, Cal. Civ. Code § 52.1 (FTCA)
### (By the Estate against DEFENDANT UNITED STATES OF AMERICA)

47. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

48. The California Legislature declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by an individual of his/her rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation, or coercion.

49. Gonsalves interfered with Mr. Villalobos' rights by the use of threats and intimidation, as alleged above. Defendant Gonsalves acted recklessly in shooting and killing Mr. Villalobos which indicates that Defendant Gonsalves acted with specific intent.

50. This interference with Mr. Villalobos' rights was perpetrated in violation of California Civil Code § 52.1, and Mr. Villalobos' right to bodily integrity and to be free from excessive force under the California Constitution and laws.

51. DEFENDANT the UNITED STATES OF AMERICA is liable for the conduct of Gonsalves under the Federal Torts Claim Act.

52. Due to the violation of Mr. Villalobos' rights by Defendant Gonsalves, Mr. Villalobos suffered economic damages and non-economic damages according to proof at the time of trial.

53. Plaintiff is also entitled to the statutory civil penalties set forth in California Civil Code § 52.1, attorney's fees and costs of the suit incurred herein.

### SIXTH CAUSE OF ACTION
### Wrongful Death: CCP 337.60 (FTCA)
### (By Plaintiffs Eve Arriaga and A.V. Against Defendant United States of America)

54. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

55. Defendant Gonsalves employed threats, and deadly force to kill Mr. Villalobos. Defendant Gonsalves committed wrongful acts which proximately caused the death of David Angel Villalobos. Specifically, Defendants, including Gonsalves and Does 1-10, wrongfully caused the death of David Angel Villalobos by the intentional or negligent use of excessive and deadly force and the failure to properly provide first aid and timely medical care.

56. DEFENDANT the UNITED STATES OF AMERICA is liable for the conduct of Gonsalves and Does 1-10 under the Federal Torts Claim Act.

### PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1) For compensatory general and special damages in an amount in accordance with proof.
2) For punitive damages as permitted by law against Defendant Gonsalves under the *Bivens* cause of action.
3) For reasonable costs of suit as permitted by law.
4) For any other relief that is just and proper.

## JURY DEMAND

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial as to the *Bivens* causes of action.

DATED: February 16, 2022

Respectfully submitted,

**IREDALE AND YOO, APC**

*/s/ Eugene Iredale*
**EUGENE G. IREDALE**
**JULIA YOO**
Attorneys for Plaintiffs