UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:22-cv-00315-L-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 31]** |

    Before the Court is the parties' joint motion extend discovery deadlines. ECF No. 31. The parties seek an order from the Court extending certain case management deadlines by approximately 60 days. *Id.*

    Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 30 at 6 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they have been working diligently to abide by the Court's Scheduling Order (ECF No. 30). ECF No. 31. The parties represent that they have exchanged voluminous documents and written discovery. *Id*. at 2. However, depositions have been stalled by various scheduling difficulties, including the witness's holiday travel and Plaintiffs' counsel's six-week jury trial. *Id*. The parties are also experiencing difficulty obtaining the autopsy report from the Medical Examiner's Office, which has delayed counsel's ability to evaluate whether additional depositions are necessary. *Id*. Thus, the parties seek an order from the Court extending the fact discovery cutoff, expert designation deadlines, expert disclosure deadlines, expert discovery cutoff, and pretrial motion filing deadline by approximately 60 days. *Id*. at 3.

The Court appreciates the parties' thorough motion and that that parties are working together, and finds good cause to **GRANT IN PART**[1] the motion. ECF No. 31. The Court issues the following First Amended Scheduling Order:

//

---

[1] Though the parties requested that "all other dates and deadlines set forth in the Scheduling Order remain unchanged[,]" (ECF No. 31 at 3), in light of the modified pretrial motion filing deadline, the pretrial conference and related deadlines must shift slightly as well.

1. The parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures ("CM/ECF Manual"), the Standing Order for Civil Cases issued by the Hon. M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are posted on this District's website.

## Discovery

2. All fact discovery shall be completed by all parties no later than **April 25, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

/ /

3. No later than **May 30, 2023**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **June 28, 2023**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. No later than **July 18, 2023**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. In addition, the court may impose sanctions as permitted by Rule 37(c).**

5. No later than **August 15, 2023**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

6. All expert discovery shall be completed by all parties no later than **September 12, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

### Motion Briefing

8. Except for motions *in limine*, all pretrial motions must be filed no later than **October 10, 2023**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

9. Counsel for the moving party must obtain a motion hearing date from the law

clerk of the judge who will hear the motion. The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days. Failure to make a timely request for a motion date may result in the motion not being heard.

10. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

### **Mandatory Settlement Conference**

11. A Mandatory Settlement Conference shall be conducted on **December 6, 2023** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard**. Upon due consideration, the Mandatory Settlement Conference will occur *via videoconference*. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **November 15, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **November 22, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **November 29, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **November 29, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully**

**comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

### Final Pretrial Conference

12. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

13. No later than **January 16, 2024**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

14. No later than **January 22, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

15. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **January 29, 2024**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

16. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **February 5, 2024**, and shall comply with Local Rule 16.1(f)(6).

17. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **February 12, 2024** at **11:00 a.m.**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from

Judge Lorenz at the Final Pretrial Conference.

## **Additional Provisions**

18. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

19. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: February 3, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge