# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br>  Defendant. | Case No.: 3:22-cv-00315-L-AHG <br><br> **ORDER GRANTING IN PART JOINT MOTION TO EXTEND CERTAIN SCHEDULING ORDER DEADLINES** <br><br> **[ECF No. 35]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 35. The parties seek an order from the Court extending the expert discovery deadline and pretrial motion filing deadline by approximately 30 days. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 32 at 7 (Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the expert discovery cutoff is presently September 12, 2023, and the deadline for the parties to file pretrial motions is October 10, 2023. ECF No. 32. The parties have represented to the Court that they need more time to conduct the deposition of Roger Clark, Plaintiffs' Use of Force Expert. ECF No. 35 at 2. Though his deposition was timely noticed for September 11, 2023, it was postponed due to a trial commencing in another matter. *Id.* As of the date the instant motion was filed, the parties were unable to confirm Mr. Clark's availability for a rescheduled deposition. *Id*. Thus, the parties request an order from the Court extending the expert discovery deadline from September 12 to October 12, for the purpose of completing Mr. Clark's deposition, and continuing the deadline for filing pretrial motions, from October 10 to November 10, so that the parties may obtain the deposition transcript in time to draft their motions. *Id*.

Without knowing the firm date of Mr. Clark's rescheduled deposition, the requested 30-day extensions may be unnecessary or inadequate—i.e., if the deposition was scheduled one week later or two months later, a 30-day extension would not be prudent in either scenario. Thus, the Court required supplemental information from the parties: the firm date for Mr. Clark's deposition. ECF No. 36. On September 18, 2023, counsel informed the Court that Mr. Clark's deposition is scheduled for October 2, 2023, at 10:00 a.m. Email to Chambers (Sept. 18, 2023, at 4:02 PM).

Despite the joint motion's shortcomings,[1] the Court appreciates that the parties are working together. Upon due consideration, the Court finds good cause to **GRANT IN PART** the motion as follows:

    1. **September 12, 2023** *remains* the deadline for completion of expert discovery, except for the following:

        a. Roger Clark's deposition must be taken on or before **October 4, 2023**.

    2. Except for motions *in limine*, all pretrial motions must be filed no later than **October 31, 2023**.

    3. All other deadlines and procedures set forth in the Court's First Amended Scheduling Order (ECF No. 32) remain unchanged.

**IT IS SO ORDERED.**

Dated: September 19, 2023

                                                     _____
                                                     Honorable Allison H. Goddard
                                                     United States Magistrate Judge

---

[1] *Compare* Chmb.R. at 2 (requiring that all requests for continuances include a "declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met") *with* ECF No. 35 (no declaration).