1  EUGENE G. IREDALE: SBN 75292
2  JULIA YOO: SBN 231163
   CHELSEA REHERMAN: SBN 343446
3  IREDALE & YOO, APC
4  105 West F Street, Fourth Floor
   San Diego, CA 92101-6036
5  TEL: (619) 233-1525
6  Attorneys for Plaintiffs

7
                **UNITED STATES DISTRICT COURT**
8                **SOUTHERN DISTRICT OF CALIFORNIA**
9

10  ESTATE OF DAVID ANGEL               CASE NO. 22-cv-0315-RBM-AHG
    VILLALOBOS VALDOVINOS by and
11  through its successor in interest EVE   **PETITION FOR ORDER**
    SAMANTHA ARRIAGA; EVE               **APPROVING SETTLEMENT**
12  SAMANTHA ARRIAGA, in her own        **INVOLVING A MINOR AND**
                                        **DISTRIBUTION OF**
13  right; and A.V. a minor, by his mother   **SETTLEMENT FUNDS**
    and guardian, EVE SAMANTHA
14  ARRIAGA,
15                                      Honorable Michelle M. Pettit
                        Plaintiffs,
16

17        v.

18
    THE UNITED STATES OF
19  AMERICA,
20
                        Defendant.
21

22

23

24

25

26

27

28

1    Plaintiffs, by and through their counsel of record, move this Court for an

2    Order Approving Settlement Involving a Minor and Distribution of Settlement

3    Funds.

4    ### I.    PARTIES AND CLAIMANTS

5    This action is brought by Plaintiffs the Estate of David Angel Villalobos

6    Valdovinos ("Mr. Villalobos"), by and through its successor in interest, Eve

7    Samatha Arriaga, Eve Samantha Arriaga in her own right, and A.V., a minor, by

8    and through his mother and guardian Eve Samantha Arriaga. The defendant in the

9    case is the United States of America.

10    ### II.    SETTLEMENT FUNDS

11    Plaintiffs have settled their claims against Defendant for a total of $325,000

12    inclusive of Plaintiffs' costs and attorneys' fees, in exchange for a dismissal with

13    prejudice of Defendant. A copy of the proposed settlement agreement is attached

14    as Exhibit D. [1] The parties and claimants above are the only persons or entities

15    with an interest in the settlement funds.  The Estate of Mr. Villalobos has two

16    beneficiaries. They are Ms. Samantha Eve Arriaga, the wife of Mr. Villalobos and

17    A.V., the minor son of Mr. Villalobos. Plaintiffs have agreed to the following

18    apportionment of the total funds, after costs and attorneys' fees:

19    The Estate of Mr. Villalobos:          $72,030.69

20    A.V.:                                   $72,030.69

21    Ms. Arriaga:                            $72,030.69

22    The costs of litigation for this case for all Plaintiffs is $27,657.93. The total

23    attorneys' fees sought for all parties is $81,250.00, or 25% of the total settlement

24    award.

25    ///

26    ///

27

28

---

[1] In the proposed settlement agreement, filed concurrently herewith, Plaintiffs have redacted the minor's full name.

### III.   STATEMENT OF THE CASE

The operative pleading is the Complaint (ECF No. 1). Plaintiffs asserted the following causes of action:

1. Excessive Force (*Bivens*);
2. Assault (Federal Tort Claims Act);
3. Battery (Federal Tort Claims Act);
4. Negligence (Federal Tort Claims Act);
5. Bane Act, Cal. Civ. Code §52.1 (Federal Tort Claims Act); and
6. Wrongful Death (Federal Tort Claims Act).

### IV.   FACTS

David Angel Villalobos Valdovinos was shot and killed on October 23, 2020 by Border Patrol agent Ryan Gonsalves. Plaintiffs alleged that Agent Gonsalves used excessive force against Mr. Villalobos, while he was fleeing. Defendant denied the allegations.

### V.   PROCEDURAL HISTORY

Mr. Villalobos died on October 23, 2020. Ms. Arriaga timely filed FTCA claims for all parties on February 24, 2021. Plaintiffs received a rejection of their claims which was dated August 23, 2021. Plaintiffs filed their complaint on March 8, 2022. ECF No. 1. Plaintiffs voluntarily dismissed their first cause of action brought under *Bivens* on April 21, 2022. The parties engaged in discovery and were prepared to begin a bench trial on May 5, 2025. Shortly before the bench trial, during a mandatory settlement conference, the parties agreed to a settlement in principle on April 22, 2025. The settlement was confirmed on June 23, 2025. Plaintiffs now bring this joint petition for an order approving a settlement involving a minor and distribution of settlement funds. Defendant does not oppose.

### VI.   FAIRNESS OF SETTLEMENT AMOUNT

Under Rule 17(c) of the Federal Rules of Civil Procedure, district courts have a special duty to safeguard the interests of litigants who are minors. Fed. R. Civ. P. 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In

1  settlement contexts, this special duty triggers district courts to conduct an

2  independent inquiry to determine whether the "settlement serves the best interests

3  of the minor." *Dacanay v. Mendoz*, 573 F.2d 2075, 1080 (9th Cir. 1983). This

4  independent inquiry must stand "even where the settlement has been recommended

5  or negotiated by the minor's parent or guardian ad litem." *Lobaton v. City of San*

6  *Diego*, 2017 WL 2610038 (S.D. Cal. June 16, 2017) (citing *Salmerson v. United*

7  *States*, 724 F.2d 1357, 1363 (9th Cir. 1983).).

8          $72,030.69 of the $325,000 settlement will be awarded to the minor as an

9  individual plaintiff and $36,015.35 will be awarded to the minor as a 50%

10  beneficiary of the Estate of Mr. Villalobos for a total amount of $108,046.04. This

11  is a fair settlement amount in this case. Defendant contested liability and claimed

12  the agent's actions fell under an exception to the Federal Tort Claims Act that

13  would bar recovery for Plaintiffs. Moreover, the agent contested Plaintiffs'

14  expert's description of his reconstruction of events, alleging that Mr. Villalobos

15  was on top of him and trying to strike him with a baton just prior to the agent

16  shooting Mr. Villalobos. There is no eyewitness who can dispute this claim as Mr.

17  Villalobos is now dead.

18          Prior to his death, Mr. Villalobos had been living in Mexico for

19  approximately seven (7) years and was not in regular communication with his wife

20  or son. The Plaintiffs did not reside in the same country as decedent. Mr.

21  Villalobos did not consistently contribute financially to his son or wife. There was

22  uncertainty as to the amount of damages Plaintiffs would be awarded had they

23  prevailed on liability.

24      **VII.   PROPOSED DISTRIBUTION OF SETTLEMENT PROCEEDS**

25          It has been agreed by all Plaintiffs that the Gross Settlement Proceeds will be

26  divided as follows:   The Estate of Mr. Villalobos will receive $72,030.69.

27  A.V. will receive $72,030.69. Ms. Arriaga will receive $72,030.69. The Estate has

28

1  two beneficiaries, Samantha Eve Arriaga and A.V. who will take equal shares.

2  A.V. will take $36,015.35 and Ms. Arriaga will take $36,015.34.

3       Including his share from the Estate, A.V. will receive a total of $108,046.04,

4  after fees and costs, which is 50% of the total remaining settlement.  Prior to

5  coming to an agreement to divide the gross settlement proceeds as proposed herein,

6  Plaintiffs requested a structured settlement and Defendant consulted with

7  settlement advisor Manny Valdez.

8  **VIII. COMPARABLE MINORS' SETTLEMENTS IN THE DISTRICT**

9       In *Castro Gutierrez v. City of San Diego*, 21-cv-01292-H-BGS, the Court

10  approved a net payment of $150,000 to a four-year old Plaintiff in a civil rights

11  wrongful death case involving the shooting death of a parent. See also *Tipton v.*

12  *Camp Pendleton & Quantico Hous*., LLC, 2022 WL 5133481, at *4 (S.D. Cal. Oct.

13  4, 2022) (granting petition for minor's compromise and approving proposed

14  settlement of $3,750 to each minor for premises liability, negligence, and related

15  claims where minors' symptoms fully resolved); *Angstman v. Carlsbad Seapoint*

16  *Resort II, L.P*., 2011 WL 13356100, at *1 (S.D. Cal. Aug. 25, 2011) (granting

17  petition for minor's compromise directing $750.00 of gross recovery to each minor

18  where minors had no specialized medical needs and did not suffer physical injuries

19  as a result of the alleged claims); *Lobaton v. City of San Diego*, 2017 WL 2610038,

20  at *1 (S.D. Cal. June 16, 2017) (approving petition for minor's compromise after

21  finding $10,000 settlement award to minor fair and reasonable in light of minor's

22  emotional distress and negligent infliction of emotional distress claims); *Beck v.*

23  *Camp Pendleton & Quantico Hous., LLC*, No. 20-CV-579-LAB-WVG, 2022 WL

24  18460770, at *1–2 (S.D. Cal. Nov. 14, 2022), report and recommendation adopted,

25  No. 20CV579-LAB (WVG), 2023 WL 411351 (S.D. Cal. Jan. 25, 2023)(approving

26  petition for the two minors to receive a net settlement award of $3,7502). In 2022,

27  a District Court approved a minor's compromise in the amount of $9,441.50

28  payable to a minor in a civil rights action. *Clines v. Cnty. of San Diego*, No.

- 4
20 CV 2096 BAS-DDL

20CV2504-W(BLM), 2022 WL 16851818, at *5 (S.D. Cal. Nov. 10, 2022), report and recommendation adopted sub nom. K.C.A. by & through *Purvis v. Cnty. of San Diego*, No. 20-CV-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022).

In *Hernandez v. United States*, No. 3:19-CV-1457-AHG, 2020 WL 6044079, at *3 (S.D. Cal. Oct. 13, 2020), Magistrate Judge Allison H. Goddard performed a review of cases involving civil rights cases: *Toscano v. City of Fresno*, No. 1:13-cv-1987-SAB, 2017 WL 2483934, at *, 2017 U.S. Dist. LEXIS 22516, at *2, *9 (E.D. Cal. Feb. 16, 2017) (finding minor plaintiffs' net recovery of $83,049.84 for each of three children to be fair reasonable, when their father, who was riding a bicycle, was ran over and killed by a police vehicle); *De Aguilar v. N. R.R. Passenger Corp.*, No. 02cv6527-LJO-GSA, 2009 WL 10711001, at *2–*3 (E.D. Cal. Apr. 17, 2009) (finding 14-year-old plaintiff's net recovery of $37,057.46 to be fair and reasonable, when her father had been killed in a vehicle collision with a train); *R.M. v. United States*, No. 2:17-cv-7344-ODW-JC, ECF No. 85, Order Approving Minor Plaintiffs' Compromise of Pending Action (C.D. Cal. Jan. 27, 2020) (finding minor plaintiff's net recovery of $249,700 for each of three children to be fair and reasonable, when a United States Postal Service truck ran over and killed the minor plaintiffs' mother); see cf. *Garlick v. County of Kern*, No. 1:13-cv-1051-LJO-JLT, 2016 WL 8673040, at *3, 2016 U.S. Dist. LEXIS 97524, at *5 (E.D. Cal. July 22, 2016) (finding minor plaintiffs' net payment of $300,000 for each of four minor children to be fair and reasonable, when their father was killed during an altercation with law enforcement officers); *E.S. v. City of Visalia*, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6956837, at *1–*2 (E.D. Cal. Nov. 3, 2015) (finding minor plaintiff's net payment of $130,444.83 to be fair and reasonable, when the minor's father was shot and killed by a police officer).

In *NeSmith v. Cnty. of San Diego*, No. 15-CV-0629-JLS-AGS, 2022 WL 1176744, at *2 (S.D. Cal. Mar. 29, 2022), the Court approved a $50,000 net payment to the minor daughter of a man who committed suicide in the San Diego

- 5
20 CV 2096 BAS-DDL

jail. Magistrate Judge Schopler did a survey of similar cases and cited *E.R. v. Cty. of Stanislaus*, No. 1:14-CV-00662-DAD-SKO, 2016 WL 3354334, at *3 (E.D. Cal. June 16, 2016) (approving a settlement of $19,000 net for each of three minor children following father's suicide while in custody), *report and recommendation adopted*, No. 1:14-CV-00662-DAD-SKO, 2016 WL 4011718 (E.D. Cal. July 26, 2016); *Armstrong v. Dossey*, No. 1:11-CV-01632-SKO, 2013 WL 4676541, at *1, *3 (E.D. Cal. Aug. 30, 2013) (approving a settlement of minors' excessive-force claims for $22,500 and $11,000 respectively, following their father's death by police officers); *E.S. ex rel. Gonzalez v. City of Visalia*, No. 1:13-CV-1697-LJO-BAM, 2015 WL 6956837, at *1 (E.D. Cal. Nov. 3, 2015) (approving a settlement of a minor's claim for a net $130,444.83 in an action involving his father's fatal shooting by police), *report and recommendation adopted*, No. 1:13-CV-01697-LJO-BAM, 2015 WL 13215675 (E.D. Cal. Nov. 20, 2015); *Est. of Alderman v. City of Bakersfield*, No. 1:16-CV-00994-DAD-JLT, 2019 WL 827623, at *1 (E.D. Cal. Feb. 21, 2019) (approving a settlement of $22,862.07 for each of two minors following the fatal shooting of their father).

*Estate of Alvarado v. Tackett*, No. 13cv1202-LL, 2019 WL 4573714, at *4 (S.D. Cal. Sept. 20, 2019) (finding net recovery of $55,000 per minor fair and reasonable for minors' claims against border patrol agents for alleged wrongful death of parent); *Napier v. San Diego Cty.*, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *2 (S.D. Cal. Nov. 28, 2017) (finding net recovery of $41,125.00 for minor's claim for alleged wrongful death of father during attempted arrest to be fair and reasonable); *Doe v. Gill*, No. C 11-4759 CW, 2012 WL 1939612, at *1 (N.D. Cal. May 29, 2012) (finding net recovery of $7,188.85 for minor's claim for alleged wrongful death of mother in altercation with police officers fair and reasonable); *Swayzer v. City of San Jose*, No. C10-03119 HRL, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding net recovery of $2,054.17 for minor's claim

against city for alleged wrongful death of parent during arrest to be fair and reasonable).

A.V.'s individual amount of $72,030.69 and his total awarded net amount of $108,046.04 are fair and reasonable amounts when compared with other minor awards in similar cases.

## IX.    FEES AND COSTS

### A.    Cost of Litigation:

Typically, parties are responsible for the proportionate share of the costs of litigation relative to the percentage of the total settlement they receive.  A.V. is receiving 1/3 of the total settlement as an individual plaintiff.  The total costs associated with the case are $27,657.93, which results in A.V. being responsible for $9,219.31 or ⅓ of the total.  *See* Exhibit A, Declaration of Eugene Iredale.  Counsel reduced the costs for all parties by eliminating travel, postage and research costs.

### B.    Attorneys Fees:

This motion requests approval for attorneys' fees of 25% of the total settlement amount. Cases brought under the Federal Tort Claims Act are limited to 25% attorneys' fees award. *See* 28 U.S.C. § 2678. 25% of $325,000 (the total settlement amount) is $81,250.00, or $27,083.33 per Plaintiff. The fees are appropriate because this case involved several years of litigation and did not settle until approximately two weeks prior to trial beginning. The parties had submitted and argued motions *in limine* and were prepared to begin trial.

From the beginning of the case, which occurred over four years ago, minor's counsel engaged in a lengthy discovery process. Counsel had to review a wealth of documents, including photographs, granulated and unclear videos and sometimes garbled audio transmissions, retain and work with two experts, prepare Plaintiffs for depositions and prepare for trial.

All lawyers in the case have extensive experience in civil rights litigation. Eugene Iredale has been practicing for forty-eight years.  Julia Yoo has litigated for

1  the past twenty-six years almost exclusively in difficult § 1983 cases.  Chelsea

2  Reherman has litigated civil rights case since 2022, almost exclusively in the

3  context of excessive force/police misconduct and jail death cases. Ms. Arriaga, the

4  guardian and mother of A.V., has consented to the settlement, the distribution and

5  the attorneys' fees.  *See* Exhibit B, Declaration of Samantha Eve Arriaga.

6        In *Estate of Alvarado v. Tackett*, when evaluating the minor's compromise

7  for a case brought under the FTCA, the Court determined attorneys' fees in the

8  amount of 25% of the total settlement to be fair. No. 13cv1202-LL, 2019 WL

9  4573714, at *4 (S.D. Cal. Sept. 20, 2019). The Court noted that "[g]enerally, fees

10 in minor cases have historically been limited to 25% of the gross recovery." *See*

11 *Napier v. San Diego County*, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at

12 *3 (S.D. Cal. Nov. 28, 2017); *see also Napier by & through Quiroz v. San Diego

13 Cnty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *4 (S.D. Cal. Nov. 28,

14 2017) (finding attorneys' fees in a sum of 25% of the gross settlement was a

15 reasonable amount).

16      **C.     Investment of the Settlement Funds:**

17      The following is a structured settlement that has been secured with the

18 assistance of Defendant and Manny Valdez, CSSC, of Ringler Associates in San

19 Diego.  Mr. Valdez is a Certified Structured Settlement Consultant.  He has

20 assisted litigants in over 100 structured settlements in state and federal courts.  Mr.

21 Valdez will be able to lock the minor's settlement into a quote, under which the

22 principal of $108,046.04 for A.V. must be placed in a structured settlement

23 annuity.  The payout will include payments with certain period annuity which is

24 guaranteed.  Mr. Valdez has prepared the proposal for the minors' structured

25 settlement and the guardian has chosen an option with an expected yield of over

26 $122,832.49 in A.V.'s lifetime.  The payout schedule is attached as Exhibit C.

27      **X.     SUMMARY OF PROPOSED DISTRIBUTION**

28      Gross Settlement:                                    $325,000

| | |
|---|---|
| Gross amount to the minor:<br>(33.33% of $325,000) | $108,333.33 |
| Attorneys' fees attributable to the minor:<br>(25% of $108,333.33) | $27,083.33 |
| Costs of litigation attributable to the minor: | $9,219.31 |
| ½ of the Estate of Mr. Villalobos, less attorneys' fees and costs in the same amounts listed above: | $36,015.35 |
| **Lump sum to the minor:** | **$108,046.04** |

## XI.   CONCLUSION

Here, the minor is receiving $72,030.69 after fees and costs as an individual plaintiff in addition to the $36,015.35 as a 50% beneficiary of the Estate. A.V. has no outstanding bills from the litigation. There are no liens on the case. A.V. has suffered no physical injuries. The sums the minor receives as a result of the structured settlement are not subject to state or federal taxes. For the foregoing reasons, Petitioner and counsel below seek an order approving the entire settlement, and further ordering distributions of the settlement proceeds consistent with the summary above and the proposed order filed concurrently herewith.

Respectfully submitted,

Dated:  July 25, 2025

**IREDALE AND YOO, APC**
s/ *Eugene Iredale*
EUGENE IREDALE
CHELSEA REHERMAN
Attorneys for Plaintiffs