UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS by its successor in interest EVE SAMANTHA ARRIAGA; EVE SAMANTHA ARRIAGA, in her own right; and A.V. a minor, by his mother and guardian, EVE SAMANTHA ARRIAGA,<br><br>        Plaintiffs,<br><br>   v.<br><br>RYAN GONSALVES, THE UNITED STATES OF AMERICA, and DOES 1 – 10, inclusive,<br><br>        Defendants. | Case No.: 3:22-cv-00315-RBM-AHG<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |

The United States of America ("Defendant") and the Estate of David Angel Villalobos Valdovinos by its successor in interest Eve Samantha Arriaga; Eve Samantha Arriaga, in her own right; and ▇▇▇▇▇▇▇▇, a minor, by his mother and guardian, Eve Samantha Arriaga ("Plaintiffs") (collectively "the parties") stipulate and agree to resolve this action in accordance with the following terms:

1

1.       The parties agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement and Release of Claims ("Settlement Agreement").

2.       Conditioned on the Court's approval of a Minor's Compromise for Plaintiff ▇▇▇▇▇▇▇ (the "Minor's Compromise Order"), Defendant the United States of America agrees to pay Plaintiffs the total sum of THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($325,000.00) (the "Settlement Sum") subject to any offset imposed pursuant to the Treasury Offset Program, in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature which Plaintiffs may have or hereafter acquire against Defendant, or any of its agents, employees, or servants, arising out of, or related to, the facts and circumstances alleged in the Complaint filed in this action.

3.       As soon as practicable after counsel for the United States receives (1) the Minor's Compromise Order; (2) this Settlement Agreement and Release of Claims signed by all parties; and (3) the Social Security number or tax identification number of Plaintiffs and Plaintiffs' attorneys; counsel for the United States will request that the Department of the Treasury issue payment of the Settlement Sum to RINGLER ASSOCIATES SOUTHWEST, INC. ("Ringler"). Payment of the Settlement Sum will be made by electronic funds transfer to Ringler's Trust Account at ▇▇▇▇▇▇▇ Account Number ▇▇▇▇▇▇▇, ABA Routing Number ▇▇▇▇▇▇▇. Within five business days after Ringler receives notice from its bank that the Settlement Sum has been received into said company's trust account, Ringler agrees to distribute the Settlement Sum as provided below in Paragraphs 3.a. and 3.b.

3.a.     Ringler will distribute, to an annuity company rated at least "A" by A.M. Best rating service, the sum of ONE HUNDRED AND EIGHT THOUSAND AND FORTY-SIX DOLLARS AND FOUR CENTS ($108,046.04) (the "Annuity

Amount") to purchase an annuity contract to make the following payments to Plaintiff ▆▆▆▆▆▆▆▆▆▆: (i) $25,000.00 payable guaranteed lump sum on 04/22/2026; (ii) $15,000.00 payable guaranteed lump sum on 04/22/2027; (iii) $15,000.00 payable guaranteed lump sum on 04/22/2028; (iv) $15,000.00 payable guaranteed lump sum on 04/22/2029; and (v) $52,832.49 payable guaranteed lump sum on 04/22/2030.

   3.b. Ringler will distribute the sum of TWO HUNDRED AND SIXTEEN THOUSAND NINE HUNDRED FIFTY-THREE AND NINETY-SIX CENTS ($216,953.96) (the "Remaining Amount") to Plaintiffs' counsel's client trust account, and Plaintiffs' counsel bears sole responsibility for distributing the settlement proceeds to Plaintiffs as well as paying all liens, costs, and attorney's fees.

  4. In the event that the cost of the annuity contract described in Paragraph 3.a. has either increased or decreased by the date of purchase, the monthly benefit shall be adjusted downward or upward to ensure that the premium cost of the annuity contract is equal to the Annuity Amount and not more or less than that amount.

  5. The annuity contract(s) described in Paragraph 3.a. will be owned solely and exclusively by the United States of America. The parties stipulate and agree that the United States of America's only obligation with respect to said annuity contract(s) and any annuity payments therefrom is to purchase the annuity contract(s), and they further agree that the United States of America does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States of America is released from any and all obligations with respect to the annuity contract(s) and annuity payments upon the purchase of the annuity contract(s).

  6. The parties stipulate and agree that the annuity company that issues the annuity contract(s) described in Paragraph 3.a. shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Settlement Agreement and Release of

Claims. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

7. The parties agree that the annuity payments described in Paragraph 3.a. cannot be assigned accelerated, deferred, increased or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States of America are subject to execution or any legal process for any obligation in any manner, and that the Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

8. Plaintiff ▓▓▓▓ ▓▓▓▓▓▓▓ and his guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company described in Paragraph 3.a. and the United States of America a current mailing address and to notify the annuity company and the United States of the death of Plaintiff within ten (10) days.

9. In the event Plaintiff ▓▓▓▓▓▓▓▓▓ dies during the period of certain payments described in this agreement, all remaining certain payments shall be made payable to Plaintiff's estate or to such person or persons as shall be designated in writing by Plaintiff during Plaintiff's lifetime provided such designation is in a form acceptable to the annuity company and the United States.

10. Plaintiffs agrees to accept payment of the Settlement Sum in full and final satisfaction of any and all claims and demands which Plaintiffs or Plaintiffs' successors or assigns may now have or may hereafter acquire, as a result of the incidents described in the Complaint, and the losses and injuries alleged therein, to have occurred to Plaintiffs by act or operation of law, including any claims for unforeseen injuries or damages, against Defendant or any of its agents, employees, or servants, individually and/or in their official capacities. Payment of the Settlement Sum shall constitute a complete release from, and bar to, any and all causes of action, claims, rights, liens, or

subrogated interests, known or unknown to Plaintiffs, and in whomsoever vested, by reason of or arising from the circumstances described in the Complaint herein. Plaintiffs agree to indemnify, defend, and save harmless Defendant and/or any of its agents, employees or servants, individually and/or in their official capacities, from such causes of action, liens, rights, or subrogated interests.

11. This instrument constitutes a compromise settlement of a disputed claim and demand, and does not constitute, and should not be construed as, an admission of liability or fault by Defendant or any of its agents, employees, or servants. Liability and fault are expressly denied. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

12. It is understood by and among the parties that pursuant to 28 U.S.C. § 2678, attorneys' fees for services rendered in connection with this action may not exceed twenty-five percent (25%) of the Settlement Sum. Such fees shall be paid out of, and not in addition to, the Settlement Sum. The parties further agree to bear their own costs, fees, and expenses.

13. It is also understood and agreed that Plaintiffs are solely responsible for payment of any liability or claim of liability assessed by any federal, state, or local government or agency resulting from receipt of the net proceeds of this settlement. The Defendant makes no representation as to the federal or state tax treatment of the Settlement Sum. Defendant also makes no representation regarding the implications of the Treasury Offset Program as to the Settlement Sum.

14. Plaintiffs represent and warrant that at the time this suit was filed, Plaintiffs were the sole and lawful owners of all right, title, and interest in and to every claim and other matter which Plaintiffs purports to release herein, and that Plaintiffs currently are the sole and lawful owners of all right, title, and interest in and to every claim and other matter which Plaintiffs purports to release herein, and that Plaintiffs have not assigned or transferred, or purported or attempted to assign or transfer, to

any other person or entity, any claims or other matters herein released. Plaintiffs shall indemnify Defendant and/or any of its agencies, employees, or agents, individually and/or in their official capacities, and defend against and hold them harmless from, any claims arising out of or relating to any such assignment or transfer, or any such purported or attempted assignment or transfer, of any claims or other matters released or assigned herein.

15. As to all claims, demands, causes of action and liabilities released herein, Plaintiffs expressly waive to the fullest extent permissible under law any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The provisions of all comparable, equivalent, or similar statutes and principles of the common law of California, of the other states of the United States, and of the United States also are expressly waived to the same extent. In connection with such waiver and relinquishment, Plaintiffs acknowledge that Plaintiffs are aware, or may hereafter discover, claims presently unknown or unsuspected, or facts in addition to or different from those which Plaintiffs now know or believe to be true, with respect to the matters released herein. Nevertheless, it is Plaintiffs' intention, through this release, and with the advice of counsel, to fully, finally, and forever settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiffs and Defendant and/or any of Defendant's agents, employees or servants, individually and/or in their official capacities. In furtherance of such intention, this release will remain in effect as a full and complete release of

such matters notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

16. The Parties agree that, in consideration for settlement of this matter, all outstanding or future bills or liens incurred by Plaintiffs related to the subject matter of this litigation will be the sole responsibility of Plaintiffs.

17. Upon payment of the Settlement Sum to Ringler, the Complaint filed in this case and the action shall be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii). A separate Joint Motion for Dismissal and Proposed Order of Dismissal shall be executed and filed with the Court.

18. Should a court determine that any term of this Agreement is unenforceable, that term is deemed deleted. However, the validity of and the Parties' ability to enforce the remaining terms will not be affected by the deletion of the unenforceable term.

19. Plaintiffs acknowledge that Plaintiffs have read this Settlement Agreement, fully understand his/her/their rights, privileges, and duties under this Settlement Agreement, and enter this Settlement Agreement freely and voluntarily. Further, Plaintiffs acknowledge that each of them had adequate time to consult with counsel who has explained and discussed the terms and consequences of this Settlement Agreement.

20. This Agreement and the provisions contained herein shall not be construed or interpreted for or against any Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

21. This Agreement is integrated and represents all promises and obligations to which the Parties have consented. Any promise not contained herein cannot be construed as part of this Agreement.

22. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart (either by fax, mail, email, or personal service), each counterpart shall be deemed an original, and, when taken

together with the other executed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all parties.

DATED: 08/11/2025

_____
EVE SAMANTHA ARRIAGA
Plaintiff

DATED: 08/11/2025

_____
ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS by its successor in interest EVE SAMANTHA ARRIAGA

DATED: 08/11/2025

_____
████ ████████, a minor, by his mother and guardian EVE SAMANTHA ARRIAGA

DATED: 08/12/2025

IREDALE & YOO, APC

_____
Eugene G. Iredale
Attorneys for Plaintiffs

DATED: 8/12/2025

ADAM GORDON
United States Attorney

_____
GLEN F. DORGAN
Assistant U.S. Attorney
Attorneys for Defendant
United States of America

1  STRUCTURED SETTLEMENT BROKERAGE COMPANY RINGLER
2  ASSOCIATES SOUTHWEST, INC. (HEREINAFTER "COMPANY")

3  I, the undersigned, am duly authorized to sign this Settlement Agreement and Release on behalf of the Company and have furnished written proof thereof to the United States. I also declare under penalty of perjury that the Company and its employees, agents, and structured settlement annuity brokers are covered by an Errors and Omission insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies. By signing this Settlement Agreement and Release, I agree that the Company will accept the Annuity Premium Amount. I further agree that, within five business days of receipt of the Annuity Premium Amount, the Company will (1) disburse the Annuity Premium Amount to an annuity company(ies), rated at least A by A.M. Best rating service, for the purchase the annuity contract(s) described above in Paragraph 3.a. of this Stipulation, and (2) provide to the parties written proof that the Annuity Premium Amount has been accepted by said annuity company(ies).

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

DATED: 08/13/2025

By: Manuel R. Valdez, MPH, MPA, CSSC
Title: Certified Structured Settlement Consultant
On behalf of the Company

1 STRUCTURED SETTLEMENT ANNUITY BROKER MANUEL R. VALDEZ,
2 RINGLER ASSOCIATES SOUTHWEST, INC. (HEREINAFTER "BROKER")

I, the undersigned Broker, declare that I currently meet the minimum qualifications set forth in 28 CFR § 50.24 to provide structured settlement annuity brokerage services to the United States and that I am currently covered by an Errors and Omissions insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies. By signing this Stipulation, I agree that the application for any, annuity contract and the annuity contract issued by the annuity company will comply with the terms and conditions of Paragraph 3.a. of this Settlement Agreement and Release.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

DATED: 08/13/2025

By: Manuel R. Valdez
Structured Settlement Annuity Broker