UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID ANGEL VILLALOBOS VALDOVINOS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 22-cv-0315-RBM-AHG-MMP<br><br>**AMENDED ORDER:**<br><br>1. **APPOINTING GUARDIAN AD LITEM; AND**<br><br>2. **APPROVING MINOR'S COMPROMISE** |

The parties reached a settlement of this case including claims involving Plaintiff A.V., a minor. Pending before the Court are two petitions seeking the appointment of Eve Samantha Arriaga as Guardian Ad Litem for A.V. for purposes of this action and approval and distribution of a settlement involving a minor. ECF Nos. 87, 88. Defendant does not oppose the petitions. *See* ECF No. 89. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine approval of the entire settlement involving a minor pursuant to 28 U.S.C. § 636(c) and Civil Local Rule 17.1(a). ECF No. 90. The Court finds this matter was suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** both petitions.

## I. RELEVANT BACKGROUND

This case arises out of a Border Patrol agent's fatal shooting of David Angel Villalobos Valdovinos on October 23, 2020. ECF No. 1. ¶ 19. Mr. Villalobos was survived by his wife, Plaintiff Arriaga, and their minor child, Plaintiff A.V., who was age thirteen at the time. *Id.* ¶ 13. A.V., still a minor, is now seventeen years old. Ms. Arriaga is A.V.'s custodial parent.

Following Mr. Villalobos' death, Ms. Arriaga filed suit against the United States, bringing claims on behalf of the Estate as its successor in interest, individually, and on behalf of minor A.V. as his mother and guardian, alleging Border Patrol Agent Gonsalves's use of deadly force against Mr. Villalobos was excessive. ECF No. 1. The complaint asserts claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act (FTCA), and California law. *Id.* Plaintiffs subsequently voluntarily dismissed their *Bivens* claim; therefore, pursuant to the FTCA, Plaintiffs asserted claims against the United States for assault, battery, negligence, and violation of California Civil Code section 52.1 on behalf of the Estate as well as wrongful death on behalf of Plaintiffs Arriaga and A.V. ECF Nos. 1, 12, 15.

On the eve of a bench trial, the parties reached a settlement in principle, including with respect to minor A.V., at a Mandatory Settlement Conference before the Honorable Daniel E. Butcher, U.S. Magistrate Judge. ECF No. 77. The parties subsequently confirmed the settlement before the Court. ECF No. 79. The complete and precise terms and conditions of the settlement are set forth in the petition and the executed copy of the Settlement Agreement and Release of Claims. ECF Nos. 88, 92. In summary, the total settlement amount is $325,000 inclusive of attorneys' fees and costs, in exchange for dismissal of all claims against the United States with prejudice. ECF Nos. 88, 92. The costs incurred are $27,657.93 and the attorneys' fees sought are $81,250.00, which amounts to 25% of the total settlement. ECF No. 88-1 ¶ 2, 88-2 ¶ 13, 92 ¶ 12. After fees and costs, the settlement funds will be distributed in equal parts to each of the three Plaintiffs, entitling each plaintiff to $72,030.69. ECF No. 88-2 ¶ 7. The Estate, in turn, has two beneficiaries,

Ms. Arriaga and A.V., who will take equal shares ($36,015.35) of the Estate's recovery. ECF No. 88-2 ¶¶ 8–9. Thus, the settlement provides for $72,030.69 to A.V. as an individual plaintiff and $36,015.35 to A.V. as a 50% beneficiary of the Estate, for a total amount of $108,046.04, which will be placed into a structured settlement. ECF No. 88-3.

Plaintiffs now move for appointment of Plaintiff Arriaga as the guardian ad litem for minor A.V. in this action and for the Court's approval of this settlement involving a minor. ECF Nos. 87, 88.

## II.  LEGAL STANDARD

District courts have "a special duty to safeguard the interests of minor plaintiffs." *See Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011). Federal Rule of Civil Procedure ("Rule") 17(c) authorizes a general guardian to sue on behalf of a minor or, if a minor does not have a duly appointed representative, by a guardian ad litem. To that end, district courts "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The purpose of Rule 17(c)'s guardian ad litem provision "is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014)). While "natural bonds of affection" generally "lead parents to act in the best interests of their children," the court should consider whether the interests of a minor plaintiff and potential guardian ad litem diverge, even if that potential guardian ad litem is a parent. *Troxel v. Granville*, 530 U.S. 57 (2000); Cal. Civ. Proc. Code § 372(b)(1). Ultimately, the appointment of a guardian ad litem is within the district court's discretion. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 804 (9th Cir. 1986).

District courts must conduct an independent review of proposed settlements of claims involving minors. Fed. R. Civ. P. 17(c); CivLR 17.1 ("No action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."). With respect to federal claims, the Ninth Circuit has

specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Further, the court "should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel . . . ." *Id.* at 1182.

"Because FTCA claims are governed by substantive state law, approval of their settlement may be governed by state law rather than limited by *Robidoux*." *Hernandez v. United States*, No. 19-cv-1457-AHG, 2020 WL 6044079, at *2 (S.D. Cal. Oct. 13, 2020). California law also requires court approval of a minor's settlement of claims as well as an award of attorney's fees and expenses for representation of a minor. *See* Cal. Prob. Code § 3601; *see* CivLR 17.1(b) (requiring any money recovered by a minor by settlement "must be paid and disbursed in accordance with California Probate Code § 3600, et seq."). Under California law, courts must evaluate the reasonableness of the settlement and determine whether the compromise is in the minor's best interest. *A. M. L. v. Cernaianu*, No. 12-cv-06082-JAK-RZX, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014). Courts are afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Super. Ct.*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994).

## III. ANALYSIS

The Court first addresses Plaintiffs' petition to appoint a guardian ad litem. ECF No. 87. An individual's capacity to sue is determined by the law of his domicile. Fed. R. Civ. P. 17(b)(1). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may not enforce his rights by civil action except through a guardian or guardian ad litem. Cal. Fam. Code § 6601; Cal. Civ. Proc. Code § 372(a). Here, A.V. is a minor who is currently seventeen years of age. The action arises from the fatal shooting of his father as a result of alleged excessive deadly force. Plaintiff Arriaga filed this action on A.V.'s behalf as his mother, guardian, and custodial parent and expressly

consents to serve as guardian ad litem for A.V. for purposes of this action. ECF No. 87 at 3. There is no apparent or potential conflict between Plaintiff's interests and the interests of Ms. Arraiga; therefore, the Court finds it appropriate to appoint Ms. Arraiga as A.V.'s guardian ad litem for purposes of this action pursuant to Rule 17(c). *See 30.64 Acres of Land*, 795 F.2d at 804–05 (recognizing an appointment of a guardian ad litem "must normally be left to the sound discretion of the trial court").

Next, the Court conducts an independent review of the settlement involving a minor (as the Court must). Fulfilling its special duty to safeguard the interests of a minor, this Court will analyze the proposed settlement, the method of disbursing Plaintiff A.V.'s net recovery, and the proposed attorneys' fees and costs attributable to the minor. Regardless of whether *Robidoux* or state rules apply, the Court finds the settlement is fair, reasonable, and in minor A.V's best interest. *See A.M.L.*, 2014 WL 12588992, at *3 ("In this action, it is not necessary to determine whether *Robidoux* or state rules apply. The outcome is the same."); *Hernandez*, 2020 WL 6044079, at *2; *H.S. by & through Parde v. United States*, No. 17-cv-02418-BTM-KSC, 2020 WL 7130506, at *2 (S.D. Cal. Dec. 4, 2020).

### A.  Proposed Settlement and Method of Disbursement

Plaintiff A.V. agrees to release his claims against Defendant for a proposed net recovery and disbursement as follows:

| | |
|---|---:|
| Gross Settlement: | $325,000 |
| Gross amount to the minor (33.33% of $325,000): | $108,333.33 |
| Attorneys' fees attributable to the minor (25% of $108,333.33): | $27,083.33 |
| Costs of litigation attributable to the minor: | $9,219.31 |
| ½ of the Estate of Mr. Villalobos, less attorneys' fees and costs in the same amounts listed above: | $36,015.35 |
| **Net Recovery to minor:** | **$108,046.04** |

ECF No. 88 at 10. After deducting counsel's fees and expenses (addressed below), Plaintiff A.V.'s net recovery is $108,046.04.

Considering the facts of the case, Plaintiff A.V.'s specific claim, and recoveries in similar cases, the Court finds Plaintiff A.V.'s settlement fair, reasonable, and in his best interest. Plaintiffs have been pursuing this case for well over three years, and the parties' claims and defenses have been thoroughly investigated and developed through the course of litigation. ECF No. 88-1 ¶ 2; ECF No. 1. In addition, the parties reached this settlement through a settlement conference before Magistrate Judge Butcher on the eve of trial, after the conclusion of fact and expert discovery, participating in numerous other settlement conferences before Magistrate Judge Goddard, the assigned magistrate judge, and preparing for trial. Further, the proposed settlement allows for certainty of recovery for Plaintiff A.V., as opposed to the uncertainty of proceeding to trial, including the issues of both liability and damages addressed in the petition. ECF No. 88 at 4.

In addition, A.V.'s recovery generally aligns with settlements in factually similar cases. *See, e.g.*, *Estate of Jose Alfredo Castro Gutierrez et al v. Castillo et al*, No. 21-cv-01292-H-BGS, ECF No. 114 (S.D. Cal. Dec. 11, 2023) (approving net recovery of $150,000 to a minor in wrongful death case involving the shooting death of a parent by law enforcement); *E.S. v. City of Visalia*, No. 13-cv-1697-LJO-BAM, 2015 WL 6956837, at *1–2 (E.D. Cal. Nov. 3, 2015) (finding minor plaintiff's net recovery of $130,444.83 to be fair and reasonable, in case involving fatal shooting of the minor's father by a police officer); *Estate of Alvarado v. Tackett*, No. 13-cv-1202-LL, 2019 WL 4573714, at *4 (S.D. Cal. Sept. 20, 2019) (finding net recovery of $55,000 per minor fair and reasonable for minors' claims against border patrol agents for alleged wrongful death of parent); *but see Garlick v. County of Kern*, No. 13-cv-1051-LJO-JLT, 2016 WL 8673040, at *3 (E.D. Cal. July 22, 2016) (finding minor plaintiffs' net recovery of $300,000 for each of four minor children to be fair and reasonable, when their father was killed during an altercation with law enforcement officers).

The settlement also provides the net payment for A.V. be placed into a structured settlement with an expected yield of $122,832.49 guaranteeing five payments to A..V as follows:

$25,000.00 payable guaranteed lump sum on 04/22/2026.

$15,000.00 payable guaranteed lump sum on 04/22/2027.

$15,000.00 payable guaranteed lump sum on 04/22/2028.

$15,000.00 payable guaranteed lump sum on 04/22/2029.

$52,832.49 payable guaranteed lump sum on 04/22/2032.

ECF No. 88-3 at 2. The parties consulted with a structured settlement advisor from Ringler Associates to determine the rates of returns for annuities used to structure pay outs to Plaintiff A.V. ECF No. 88-3 at 4; ECF No. 92 at ¶ 3.a, 9–10. The Court finds both the proposed net recovery and method of disbursement is fair, reasonable, and in Plaintiff A.V.'s best interest.

### B. Proposed Attorneys' Fees and Costs

The Court must approve the attorneys' fees and costs to be paid for the representation of a minor. *See* Cal. Prob. Code § 3601. Generally, attorneys' fees in cases involving minors are limited to 25% of the gross recovery. *Hernandez*, 2020 WL 6044079, at *4; *H.S.*, 2020 WL 7130506, at *3. Attorneys' fees awards under the FTCA are limited to 25% of the settlement. *See* 28 U.S.C. § 2678. To determine whether the attorneys' fees for services to a minor are reasonable, courts consider, among others, factors such as: "the amount of the fee in proportion to the value of the services performed," "the novelty and difficulty of the questions involved and the skill required," "the amount involved and the results obtained," "the experience, reputation, and ability of the attorney," and applicable statutory requirements. *See* Cal. Rule of Ct. 7.955(b) (citation modified).

Here, Plaintiffs' counsel request $81,250 in fees in total and the fees attributable to the minor are $27,083.33, or one-third of the total fees. ECF No. 88 at 8. The requested fees are 25% of the total settlement amount ($325,000). *See id*. Counsel has represented Plaintiffs for almost five years in connection with this case, completed extensive fact and

expert discovery, and prepared the case for trial including submitting and arguing motions in limine. ECF No. 88-1 ¶ 2. Additionally, the requested fees are permitted under the FTCA. 28 U.S.C. § 2678. Upon consideration of the facts and circumstances of this action, the requested fees are fair and reasonable.

Plaintiffs' counsel also seeks reimbursement of costs totaling $27,667.93, of which one-third ($9,219.31) is attributed to representation of A.V. In his accompanying declaration, counsel provides a breakdown of the costs including waiving certain costs such as travel/mileage. ECF No. 88-1 ¶¶ 3–5, p. 4. Considering the history of the litigation, the significant discovery, and the parties' preparation for trial, the Court finds the costs incurred are reasonable and fair.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' petition to appoint a guardian ad litem for purposes of this action. ECF No. 87. The Court also **GRANTS** the petition and approves the settlement involving a minor. ECF No. 88.

**IT IS FURTHER ORDERED:**

1. The Court **APPOINTS** Eve Samantha Arriaga as minor A.V.'s guardian ad litem for purposes of this action.

2. The Court **APPROVES** the distribution of the settlement funds as follows:

Gross Settlement $325,000

Gross Settlement Amount to Plaintiff A.V. $108,333.33

Attorneys' Fees Attributable to Plaintiff A.V. $27,083.33

Costs Attributable to Plaintiff A.V. $9,219.31

½ of the Estate, less attorneys' fees and costs $36,015.35

Plaintiff A.V.'s Net Recovery $108,046.88

3. The parties shall implement the structured settlement in accordance with the terms of the settlement agreement, ECF No. 92.

4. Before A.V. reaches the age of 18, the Court authorizes Eve Samantha Arriaga to exercise death beneficiary designation rights on behalf of the minor, A.V.

5. The parties must file an appropriate dismissal under Rule 41 within **thirty (30) days** of the date the settlement funds are distributed.

**IT IS SO ORDERED**.

Dated: September 12, 2025

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge